IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MERRILL POTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-833-WHA-CSC |
| | ) | |
| DEBORAH TONEY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James Merrill Potts, a state inmate currently incarcerated at the Limestone Correctional Facility.  In the instant complaint, Potts alleges that he has been constitutionally denied health care for injuries he received at the Limestone Correctional Facility.  Doc. 1 at p. 3.  He names Deborah Toney, the Warden at Limestone, and seeks an order from this court requiring the ADOC to give him medical attention.  Doc. 1 at p. 4.

Upon review of the complaint and in light of the claims presented therein, the undersigned finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

**II.  DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

Limestone Correctional Facility is located in Limestone County, Alabama and is within the jurisdiction of the United States District Court for the Northern District of Alabama.  Further, the actions made the basis of the instant complaint occurred in the Northern District of Alabama.  It likewise appears from the complaint that the individual named as the defendant resides in the Northern District of Alabama.  As such, the majority of witnesses and evidence associated with the claims raised in this case reside or are located in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the undersigned concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[1]

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404(a).

---

[1] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

On or before **January 18, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 3rd day of January 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE